```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

|  |  |  |
|---|---|---|
| VERNON RICHARDSON, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-06-0938 |
| LUCENT TECHNOLOGIES, *et al.*, | * | |
| Defendants | * | |
|  | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## Memorandum Opinion

Vernon Richardson has sued Lucent Technologies ("Lucent"), AT&T Incorporated ("AT&T"), and John Capps for race discrimination, wrongful discharge, intrusion upon seclusion, false light, tortuous interference with economic interests, intentional infliction of emotional distress, negligent hiring, defamation, violations of Maryland's Anti-Discrimination laws and violations of "federal labor laws."  Pending is Plaintiff's motion to remand.  For the following reasons, Plaintiff's motion will be denied.

II.  Background

Richardson filed suit on March 13, 2006, in the Circuit Court of Howard County, Maryland.  Defendants received a copy of

1

the Complaint on March 23, 2006[1], and removed the case to this Court on April 12, 2006.

Plaintiff opposes the removal on the grounds that removal is premature and that the case is properly before the Howard County Circuit Court.  Defendants argue that the Court has original jurisdiction over the alleged violations of "federal labor law," and removal is proper at anytime.

II.  Analysis

A.  Removal is Proper

Under 28 U.S.C. § 1331, a federal district court has original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States."  Under 28 U.S.C. 1441(b), "any civil action of which the district courts have original jurisdiction...shall be removable."  When a district court has jurisdiction over a claim that is joined with other, non-removable claims, "the entire case may be removed and the district court may determine all issues therein."  28 U.S.C. § 1441(c).

In Count X of the Complaint, Plaintiff alleges violations of "federal labor laws."  Plaintiff specifically alleges, *inter alia,* that Plaintiff was fired "so that the Defendants would not

---

[1] Defendants have not been served but received a copy of the Complaint from Plaintiff's counsel.

have to payout retirement benefits," Complaint, ¶ 35, which appears to allege a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140.  As this claim arises under federal law, this Court has original jurisdiction of Count X and can, under § 1441(c), resolve the entire case.

B.  Removal is Timely

Plaintiffs argue that removal is premature because Defendants have not been served.  Nothing in the removal statutes, however, bars removal prior to service.[2]  Accordingly, the Court finds the notice of removal to be timely.

C.  Conclusion

As removal is proper and timely, the motion to remand will be denied.

May 26, 2006/s/
DateWilliam D. Quarles, Jr.
United States District Judge

---

[2] Section 1446(b), provides only that removal must be filed within 30 days of a defendant's receipt of a copy of the Complaint.  28 U.S.C. § 1146(b).

3